UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY THOMAS,

    Plaintiff,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., and
U.S. BANK, N.A.

    Defendants.
_____/

Case No. 11-15670

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [2] AND CANCELLING MOTION HEARING SCHEDULED FOR MARCH 14, 2012**

Plaintiff's suit arises out of the foreclosure and May 31, 2011 sheriff's sale of residential property located at 27461 Aberdeen Street, Southfield, Michigan (the "Aberdeen Street property") to Defendant U.S. Bank, N.A. ("U.S. Bank"). Plaintiff filed this suit on November 30, 2011,[1] one day before Michigan's six-month statutory period of redemption was to expire. Her complaint asserts numerous causes of action against Defendants U.S. Bank and Michigan Electronic Registration Systems, Inc. ("MERS") alleging that (1) Defendant U.S. Bank did not, at the time of foreclosure, own Plaintiff's mortgage and note, was not the holder in due course of her mortgage note or the real party in interest and thus could not establish a record chain of title to legally foreclosure on the Aberdeen Street property under Michigan's foreclosure by advertisement statute; (2) Defendants committed fraud when MERS executed an assignment of Plaintiff's mortgage to U.S. Bank that falsely

---

[1]Defendants subsequently removed the action to this Court.

claimed that (a) it was being assigned together with the note described or referenced in Plaintiff's mortgage, and (b) Kim Steward was as an Assistant Secretary of MERS; (3) converted Plaintiff's mortgage note by unlawfully assigning it; and (4) violated Mich. Comp. Laws § 600.3205c by foreclosing by advertisement after the execution of a loan modification agreement. (Pl.'s Compl., Counts I-VII.)[2] Plaintiff also alleges that Defendant U.S. Bank violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692f(6), 1692e(11), and 1692g by attempting to foreclose absent a valid interest in Plaintiff's mortgage loan, by failing to identify itself as a "debt collector" in its communications with Plaintiff, and by failing to provide the required notice of dispute and validation rights in its initial and subsequent communications with Plaintiff. (Pl.'s Compl., Count VIII.) Plaintiff seeks money damages for the alleged FDCPA violations. As to her state-law claims, Plaintiff seeks relief in the form of a judgment declaring that the foreclosure and sheriff's sale of the Aberdeen Street property are null and void; an order quieting title to the Aberdeen Street property and declaring Plaintiff's interest in the property is superior to all others and that the property is free and clear of any mortgage, note or lien; an injunction precluding Defendants from taking any further action against the Aberdeen property; and monetary damages.

The Court finds that the facts and legal arguments are adequately presented in the parties' pleadings and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), it is hereby ORDERED that Defendants' motion to dismiss [2] be resolved as submitted, and

---

[2]Plaintiff's Complaint has no Count V and thus misnumbers the remaining Counts.

the hearing previously scheduled for Defendants' motion on March 14, 2012 is hereby CANCELLED.

For the reasons stated below, this Court GRANTS Defendants' motion to dismiss.

## I. Facts

### A. September 2008 - Plaintiff Executes Mortgage and Note

On September 15, 2008, Plaintiff executed a 30-year note promising to repay to Capital Mortgage Funding, Inc. ("Capital Mortgage" or "Lender"), the $122,050.00 she received from that Lender with interest at 7.3750% interest. (Defs.' Mot., Ex. A, Note.) The note was secured by a mortgage on the Aberdeen Street property executed that same day with MERS as mortgagee, acting solely as the nominee for the Lender, and the Lender's successors and assigns. (Pl.'s Compl., Ex. 1, Mtge.)

Correspondence discussing Plaintiff's mortgage note reveals that U.S. Bank Home Mortgage, a division of Defendant U.S. Bank, was the mortgage loan servicer on Plaintiff's note from its inception and well before Plaintiff received notice from the mortgage loan servicer that she was in default on her mortgage loan. (*See e.g.,* Pl.'s Compl., Ex. 9, 1/6/10, 1/8/10, and 1/26/10 ltrs.; Defs.' Mot., Ex. B, corresp. re: 1st mtge. pymt.)

### B. August 2010 - Assignment of Mortgage and Note from MERS to U.S. Bank

On August 12, 2010, MERS assigned the mortgage on the Aberdeen Street property to Defendant U.S. Bank, "TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Real Estate Mortgage." (Pl.'s Compl., Ex. 2, Assignment.)

### C. February 2010 - Plaintiff's Default on Mortgage Note - February 2010 Forbearance Agreement and Plaintiff's Subsequent Default

3

On February 25, 2010, U.S. Bank Home Mortgage, the mortgage loan servicer, informed Plaintiff that she was in default on her mortgage loan, offered her the possibility of a loan modification if she complied with the terms of a forbearance agreement that required four monthly payments of $1,566.03 and regular monthly payments thereafter. Plaintiff was also informed that "[i]f a Loan Modification is the option that you qualified for, the payments you remit while on the Forbearance agreement may be placed in your suspense account to be applied towards your cash contribution," and warned that "[f]ailure to comply with the terms of this [Forbearance] agreement may result in foreclosure." (Defs.' Mot., Ex. D, 2/25/10 letter.)

Although Plaintiff agreed to the forbearance plan, she made only one forbearance payment, and failed to make any additional payments. (Defs.' Mot., Ex. C, Payment History.) On April 12, 2010, the mortgage loan servicer, U.S. Bank Home Mortgage, once again notified Plaintiff that she was in default on her mortgage loan. (Defs.' Mot., Ex. E, 4/12/10 ltr.)

### D. August 12, 2010 - Notice to Plaintiff of Foreclosure - November 2010 Forbearance Agreement and Plaintiff's Default

On August 12, 2010, the mortgage loan servicer, U.S. Bank Home Mortgage, notified Plaintiff that it was initiating foreclosure because she was in default on her mortgage loan. (Defs.' Mot., Ex. F, 8/12/10 ltr.)

On August 13, 2010, Defendant U.S. Bank's foreclosure counsel notified Plaintiff that she was in default on her mortgage loan, that the outstanding balance was $130,237.87, that she had the right to request mediation before foreclosure proceedings commenced, and informed her how to request mediation. (Defs.' Mot., Ex. G, 8/13/10 ltr.)

4

On August 19, 2010, Defendant U.S. Bank's foreclosure counsel notified Plaintiff that the mediation hearing she had requested was set for October 13, 2010. (Pl.'s Resp., Ex. 7, 8/19/10 ltr.)

On November 2, 2010, the mortgage loan servicer, U.S. Bank Home Mortgage, notified Plaintiff that she was in default on her mortgage loan, offered her the possibility of a loan modification if she complied with the terms of a forbearance agreement that required four monthly payments of $1,553.93 (due on December 1, 2010, January 1, 2011, February 1, 2011, and March 1, 2011) and regular monthly payments thereafter. Plaintiff was also informed that "[i]f a Loan Modification is the option that you qualified for, the payments you remit while on the Forbearance agreement may be placed in your suspense account to be applied towards your cash contribution," and warned that "[f]ailure to comply with the terms of this [Forbearance] agreement may result in foreclosure." (Pl.'s Compl., Ex. 7, 11/2/10 ltrs.)

Plaintiff made only one forbearance payment on November 30, 2010. (Defs.' Mot., Ex. C, Pymt. History.)

### E. Plaintiff's Remains in Default - March 2011 Published and Posted Notices of Foreclosure Sale - April 2011 Denial of Loan Modification

On February 16, 2011, the mortgage loan servicer, U.S. Bank Home Mortgage, notified Plaintiff that her mortgage was being reviewed for foreclosure, urged her to contact them within 48 hours, and warned her that failure to do so would result in its recommendation for immediate foreclosure. (Pl.'s Compl., Ex. 7, 2/16/11 ltr.)

On March 10, March 17, March 24, and March 31, 2011, Defendant U.S. Bank published notice of the foreclosure sale in the Oakland County Legal News. (Pl.'s Compl.,

5

Ex. 8 at 2, Aff. of Publication.)

On March 14, 2011, notice of the foreclosure sale was posted on the front door of the Aberdeen Street property. (*Id.* at 3, Aff. of Posting.)

During March 2011, at Plaintiff's request, Defendant U.S. Bank again evaluated whether Plaintiff would qualify for a loan modification. On April 13, 2011, Defendant U.S. Bank informed Plaintiff that she did not qualify for a loan modification due to insufficient income to cover her monthly household expenses. (Pl.'s Compl., Ex. 7 at 8, 4/13/11 ltr.)

### F. May 31, 2011 - Aberdeen Street Property Sold at Foreclosure Sale to U.S. Bank

On May 31, 2011, the Aberdeen Street property was sold at a foreclosure sale to Defendant U.S. Bank for $140,376.42, plus interest. (*Id.*, Ex. 8, Aff. of Purchaser at Foreclosure Sale and Sheriff's Deed on Mortgage Sale.)

### G. Redemption Period Expires December 1, 2011 - Plaintiff Fails to Redeem

Michigan's six month redemption period expired on December 1, 2011. Plaintiff, however, failed to exercise her right to redeem before that date.[3]

## II. Motion to Dismiss Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express*

---

[3]On July 25, 2011, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Michigan. Plaintiff received a standard discharge on October 18, 2011. *See In re Thomas*, No. 11-60033 (Bankr. E.D. Mich. Oct. 18, 2011) (Shefferly, J.).

*Corp.*, 96 F.3d 200, 203 (6th Cir. 1996).  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted).  *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).  "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (internal quotation marks and citation omitted).  Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.*  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Id.* (internal quotation marks and citation omitted).  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

Moreover, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). "A court may also consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Id.* at 336. In addition, documents not attached to the pleadings may still be considered part of the pleadings when the "document is referred to in the complaint and is central to the plaintiff's claim." *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (internal quotation marks and citations omitted).

### III. Analysis

#### A. Claims Alleging Fraud, Conversion, Wrongful Foreclosure

In her Complaint, Plaintiff alleges numerous claims for relief in the form of a judgment declaring that the foreclosure and sheriff's sale of the Aberdeen Street property are null and void. In essence, Plaintiff wants a court order reversing the foreclosure sale, quieting title to the Aberdeen Street property, and a permanent injunction precluding Defendants from taking any further action against the Aberdeen property after it has been restored to her. Plaintiff, however, fails to state a claim for the relief she seeks. It is well established that "once the redemption period following foreclosure of a property has expired, . . . the former owner's rights in and title to the property are extinguished. At that point, the former owner loses standing to assert claims with respect to the property." *Luster v. Mortg. Elec. Registration Sys., Inc.*, No. 11-CV-14166, 2012 WL 124967, at *2 (E.D. Mich. Jan. 17, 2012) (Rosen, C.J.) (citing cases). Because Plaintiff failed to timely exercise her

redemption rights, she cannot now collaterally attack any aspect of the foreclosure or sheriff's sale. *See Overton v. Mortg. Elec. Registration Sys., Inc.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009). That Plaintiff filed her lawsuit a day before Michigan's six month redemption period expired does not toll her claims. *See id.*

Once the statutory redemption period expires, "'[t]he law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity.'" *Luster*, 2012 WL 124967 at *2 (quoting *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)). Plaintiff's complaint does allege fraud. Specifically, it alleges that the assignment of her mortgage from MERS to Defendant U.S. Bank: (1) fraudulently stated that the mortgage was being assigned together with the mortgage note described or referenced therein; and (2) falsely stated that Kim Stewart was an Assistant Secretary of MERS, thus rendering MERS's assignment to U.S. Bank invalid. Plaintiff's fraud claims fail for several reasons.

First, Plaintiff alleges no facts showing fraud in connection with Defendant U.S. Bank's foreclosure by advertisement. As the Michigan Court of Appeals observed in *Whitfield v. OCWEN Berkeley Fed. Bank & Trust*, No. 221248, 2001 WL 1699782, at *2 (Mich. Ct. App. Dec. 28, 2001), "the type of fraud sufficient to set aside a foreclosure sale must generally relate to the foreclosure procedure or sale itself."

Second, even if the type of fraud Plaintiff alleges was sufficient, Plaintiff cannot make a showing of the type of fraud or irregularity that would allow the foreclosure sale to be set aside after the expiration of the six-month statutory redemption period. Plaintiff's fraud claims focus on MERS's August 12, 2010 assignment of her mortgage to Defendant U.S.

Bank and allege that the fraudulent and false statements in the assignment render it invalid and Defendant U.S. Bank's foreclosure by advertisement unlawful. Because Plaintiff cannot establish any risk of having to pay the same debt twice, it is well-established under Michigan law that Plaintiff lacks standing to challenge the validity of an assignment of which she is not a party. *See Yunanova v. BAC Home Loans Serv., LP*, No. 2:10-cv-14156, 2012 WL 441161, at *4 (E.D. Mich. Feb. 10, 2012) (citing cases and observing that "Plaintiff, as a non-party to the assignment[ ] in question lacks standing to challenge such assignment[ ] as a basis of invalidating [the defendant]'s foreclosure."). Plaintiff does not dispute that she owed the underlying loan obligation and cannot assert facts showing that there is any risk she will have to pay the same debt twice.

Likewise, because Plaintiff, as a non-party, cannot collaterally attack the MERS/U.S. Bank assignment, she cannot state a claim that the record chain of title was corrupted. Despite Plaintiff's claims to the contrary, there is no defect in the record chain of title that precludes Defendant U.S. Bank from pursuing foreclosure by advertisement under Michigan law. Section 600.3204(3) of Michigan's foreclosure by advertisement statute provides that: "[i]f the party foreclosing a mortgage by advertising is not the original mortgagee, a record chain of title shall exist prior to the date of sale . . . evidencing the assignment of the mortgage to the party foreclosing the mortgage." Mich. Comp. Laws § 600.3204(3). To comply, the Sixth Circuit recently observed, requires a record showing "a clear chain of title from the original mortgagee to [the party foreclosing on the mortgage]." *Livonia Props. Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 F. App'x 97, 101 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 1696 (2011). Here, as in *Livonia Props. Holdings*, there is such a record. The recorded mortgage and assignment establish

the required chain of title from the original mortgagee to Defendant U.S. Bank.

Finally, because Defendant U.S. Bank was the record holder of Plaintiff's mortgage at the time it was foreclosed, it was authorized to foreclose by advertisement under Michigan law. This authority was recently recognized by the Michigan Supreme Court in *Residential Funding Co., LLC v. Saurman*, 805 N.W.2d 909 (Mich. 2011). The *Saurman* court observed that a record-holder of the mortgage "own[s] a security lien on the [mortgaged] propert[y], the continued existence of which was contingent upon the satisfaction of the indebtedness," and "[t]his interest in the indebtedness -- i.e., the ownership of legal title to a security lien whose existence is wholly contingent on the satisfaction of the indebtedness -- authorized [the record-holder of the mortgage] to foreclose by advertisement under MCL 600.3204(1)(d)." *Id.* at 909. As the *Saurman* court clarified:

> [T]he Legislature's use of the phrase "interest in the indebtedness" to denote a category of parties entitled to foreclose by advertisement <u>indicates the intent to include mortgagees of record among the parties entitled to foreclose by advertisement</u>, along with parties who "own[ ] the indebtedness" and parties who act as "the servicing agent of the mortgage."

*Id.* (quoting Mich. Comp. Laws § 600.3204(1)(d))(emphasis added).

### B. Claim Alleging Violation of Mich. Comp. Laws § 600.3205c

Plaintiff also alleges that Defendant U.S. Bank violated Mich. Comp. Laws § 600.3205c by proceeding to foreclosure by advertisement after entering into a loan modification agreement. Plaintiff cannot state a claim for relief under § 600.3205c. First, as revealed by the exhibits attached to Plaintiff's complaint, Plaintiff and Defendant U.S. Bank never entered into a loan modification agreement. Rather, Plaintiff entered into several forbearance agreements, which she subsequently breached. (Pl.'s Compl., Ex. 7,

11

11/2/10 correspondence.) Ultimately, Plaintiff was informed that she did not qualify for a loan modification. (Pl.'s Compl., Ex. 7, 4/13/11 ltr.)

Even if Plaintiff's forbearance agreement could be considered a loan modification agreement, it is undisputed that Plaintiff failed to comply with the terms of her mortgage loan for a full year after execution of any such agreement. So, if Plaintiff had complied with the terms of her mortgage loan, as modified, for one year, then judicial foreclosure would have been required. *See* Mich. Comp. Laws § 600.3205a(6). Plaintiff, however, failed to do so, and "that failure excuses Defendant[ ] from compliance with the loan modification requirements in § 600.3205c" and makes foreclosure by advertisement permissible. *Robinson v. Select Portfolio Serv., Inc.*, No. 11-11357, 2011 WL 6122776, at *3 (E.D. Mich. Dec. 9, 2011).

Plaintiff's § 600.3205c claim also fails because § 600.3205c(8) "does not permit the Court to set aside a completed foreclosure sale. . . . The statute plainly requires the borrower to seek his remedy prior to the completion of the foreclosure sale, as it merely converts the proceeding into one of judicial foreclosure. A borrower may not challenge a completed foreclosure sale under this statute." *Benford v. CitiMortgage, Inc.*, No. 11-12200, 2011 WL 5525942, at *5 (E.D. Mich. Nov. 14, 2011) (citing cases).

### C. Claim Alleging Violations of Fair Debt Collection Practices Act

In Count VIII of Plaintiff's complaint, she alleges that Defendant U.S. Bank is a debt collector that (1) violated § 1692f(6) of the FDCPA by threatening and taking nonjudicial foreclosure action on the Aberdeen Street property when it had no legal right to foreclose on that property; (2) violated § 1692e(11) by failing to disclose in the initial written communication with Plaintiff that it was attempting to collect a debt and by failing to disclose

in subsequent communications that it is a debt collector; and (3) violated § 1692g by failing to provide the required notice and validation of Plaintiff's debt. Plaintiff cannot state a claim under the FDCPA.

First, as evidenced from the exhibits attached to Plaintiff's complaint, all correspondence to Plaintiff seeking payment of her mortgage loan was sent to her by U.S. Bank Home Mortgage, the mortgage loan servicer. (Pl.'s Compl., Exs. 7, 8, and 9.) Plaintiff's exhibits also reveal that the mortgage loan servicer, U.S. Home Mortgage, had acquired an interest in the loan <u>before</u> she was declared to be in default under her mortgage loan on February 25, 2010. (*See, e.g.,* Pl.'s Compl., Ex. 9, 1/6/10, 1/8/10, and 1/26/10 correspondence.) The statutory definition of a "debt collector" expressly excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). As recently observed in *Morris v. HomEQ Servicing Corp.*, No. 288631, 2010 WL 537745, at *4 (Mich. Ct. App. Feb. 16, 2010), *lv. denied*, 783 N.W.2d 367 (Mich. 2010), "a mortgage loan servicer is not a 'debt collector' under the FDCPA where the borrower was not in default at the time the servicer acquired its interest in the loans." Accordingly, in light of these undisputed facts and the above-cited authority, Defendants' motion to dismiss Plaintiff's FDCPA claim is granted.

**IV. Conclusion**

For the above-stated reasons, Defendants' motion to dismiss is GRANTED.

s/Nancy G. Edmunds

       Nancy G. Edmunds
       United States District Judge

Dated: March 13, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 13, 2012, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager